# EXHIBIT A

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SASHA GRIMES

        Plaintiff

vs

COMFORCARE HOME CARE

        Defendant

Case No: 20CV04758
Division: 11
K.S.A. Chapter 60

## ALIAS SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

        Name:    GERALD GRAY
        Address: 2300 MAIN ST, STE 900
                  KANSAS CITY, MO 64108
        Phone:   (816) 309-5208

Within 21 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



/s/ Jennie Leach
Clerk of the District Court

Dated: January 14, 2021

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061

*Clerk of the District Court, Johnson County Kansas*
*1/14/2021 14:23:49 NG*

20CV04758
Div11

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| SASHA GRIMES<br>370 Conway Ave.<br>Marshall, Missouri 65340<br>      Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | )    Case No.<br>) |
| COMFORCARE HOME CARE<br>1234 W. 95 TH STREET, #215<br>Lenexa, Kansas 66215<br>      Defendant. | )<br>)<br>)<br>)<br>) |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff, SASHA GRIMES ("Plaintiff" or "Ms. Grimes") by and through counsel, in her Petition for her cause of action against Defendant, COMFORCARE HOME CARE ("COMFORCARE" or "Defendant") on claims of discrimination and retaliation. Plaintiff seeks compensatory and punitive damages against COMFORCARE and states as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff brings this action against COMFORCARE for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112"), and 42 U.S.C. 2000e *et seq.*, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.* as a result of COMFORCARE's: a) unlawful denial of Ms. Grimes' employment opportunities based on her race, sex, and disability ; b) retaliation for reporting wrongful conduct of discrimination and retaliation; and c) engaging in other related lawful acts, conduct, and practices. Ms. Grimes seeks compensatory and punitive damages against COMFORCARE and states as follows:

2.  The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Ms. Grimes on the basis of her race, sex, and disability with respect to the terms, conditions, and privileges of her employment, and, the procedure or manner in which Defendant evaluated Ms. Grimes' qualifications for continued employment opportunities has resulted in prohibited race, sex, and disability discrimination and retaliation.

3.  The related acts conduct and practices of COMFORCARE are a violation of Title VII, §1981, and Kansas common law.

4.  The unlawful conduct of COMFORCARE, which deprived Ms. Grimes of her employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this Petition.

5.  In violation of Title VII, §1981, and Kansas common law, COMFORCARE repeatedly and continuously discriminated and retaliated against Ms. Grimes for engaging in protected activity, including, but not limited to, her reporting sexually and racially discriminatory behavior of agents of COMFORCARE; as well as hostile treatment she received from her managers, supervisors, and co-workers; and by engaging in other conduct protected by law.

6.  Defendant's decision to unjustifiably terminate Ms. Grimes was a pretext for unlawful race, sex and disability discrimination, in violation of Kansas common law prohibiting discrimination against any employee.

### Parties, Jurisdiction and Venue

7.  SASHA GRIMES ("Plaintiff" or "Ms. Grimes") resides at 370 Conway Ave., Marshall, Saline County, Missouri, and is a citizen of the United States of America. Up until her unlawful termination, Ms. Grimes had been a devoted, loyal and productive employee of

COMFORCARE for about four months in the spring and summer of 2018. She is a 30-year-old African American female who was pregnant at the time of her employment.

8. Ms. Grimes was employed at COMFORCARE, located at 12345 W. 95th Street, Lenexa Johnson County, Kansas. COMFORCARE is a limited liability company headquartered in 2520 Telegraph Road, Suite 201, Bloomfield Hills, MI 48302. COMFORCARE operates nationwide including Johnson County, Kansas. Therefore, COMFORCARE has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

9. At all times during Plaintiff's employment with COMFORCARE, COMFORCARE was an "employer" as defined by Title VII and § 1981, specifically 42 U.S.C. § 2000e. COMFORCARE was engaged in an industry that affected commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every month of Plaintiff's employment with COMFORCARE.

10. At all times during Plaintiff's employment with COMFORCARE, COMFORCARE was an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because COMFORCARE employed four or more persons in Kansas at all times during Plaintiff's employment.

11. At all times during Plaintiff's employment with COMFORCARE, COMFORCARE was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of her employment with COMFORCARE.

12. COMFORCARE treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

13. This Court has subject matter jurisdiction over this action pursuant to Article 3,

Sections 1 and 6(b) of the Kansas Constitution and Kan. Stat. Ann. 20-301.

14.     This Court has personal jurisdiction over Defendant because this action arises from tortious acts Defendant committed in Kansas.

15.     Venue is proper under Kan. Stat. Ann 60-603 because this cause of action arose in Johnson County, Kansas.

16.     This Court has jurisdiction over the claims set out in this Petition under 28 U.S.C. §1331 because Plaintiff's claims under Title VII and Section 1981, arise under federal law.

17.     This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and would ordinarily be expected to be tried in one judicial proceeding.

18.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

19.     COMFORCARE is subject to personal jurisdiction in Kansas because COMFORCARE conducts substantial and ongoing business in Kansas and as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

20.     Ms. Grimes seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

21.     Plaintiff filed a charge of discrimination against COMFORCARE with the Equal Employment Opportunity Commission ("EEOC") on or about September 28, 2018, regarding claims of race, disability, and sex discrimination as well as retaliation and other unlawful acts,

conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Petition.

22. Plaintiff received a Notice of Right to Sue from the EEOC with respect to said charge on August 17, 2020. Plaintiff filed this action within 90 days of the issuance of said Notice of Right to Sue. (A copy of the charge and right to sue letter is attached as Exhibit A).

23. Plaintiff has exhausted all her administrative remedies with the EEOC.

24. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section 1981, Title VII, and related law.

## FACTUAL ALLEGATIONS

25. Ms. Grimes began working for COMFORCARE as a caregiver in approximately April 2018.

26. Prior to Ms. Grimes' submission of an application, Ms. Grimes had been advised by a friend, upon information and belief, that the Defendant refused to hire pregnant women and, therefore, Ms. Grimes declined include pregnancy information on her application.

27. Ms. Grimes had an excellent employment record with COMFORCARE in the short period she worked there prior to the incidents that gave rise to this action.

28. Beginning in approximately April 2018 and continuing until her unlawful termination, Ms. Grimes believes to have been subjected to race, sex and disability discrimination by her supervisor and managers due to her pregnancy.

29. In approximately May 2018, soon after being hired, Ms. Grimes was accidentally elbowed in the stomach by a resident she was assisting. Plaintiff was about seven to eight months pregnant during this time and was due in August 2018.

30. Considering this was Ms. Grimes' first pregnancy, she was reasonably worried about the well-being of her unborn child and, thus, sought medical treatment following the incident.

31. On or about June 23, 2018, Ms. Grimes' supervisor, Chad Trondson, arbitrarily reallocated Ms. Grimes' overnight shifts to other employees without notice, thereby reducing Ms. Grimes' working hours from about 40 plus hours per week to about 25-30 hours per week.

32. Also, during June 2018, Plaintiff was instructed to assist a resident in Defendant's facility, but Plaintiff needed further assistance from co-workers due both the resident's heavy and tall build and Plaintiff's pregnancy.

33. Upon informing supervisor, Lucille Tuttura ("Ms. Tuttura"), about the circumstances around moving the patient, Ms. Tuttura stated to Plaintiff, "Well, you do not need to be working here then because we lift and assist people. And if you can't do it find someone who can".

34. However, Plaintiff was new to the facility and, thus, reluctant to report the comment to superiors or others at the time.

35. Plaintiff continued to have difficulties in assisting (especially lifting) heavier residents. Performing lifting and moving of patient duties caused strain and cramping of Ms. Grimes' abdomen.

36. Eventually, Ms. Grimes reasonably sought to have her work schedule modified to eliminate some of the strenuous aspects of her duties.

37. In approximately July 2018, Plaintiff, unexpectedly began to experience contractions and had to be excused from her shift to seek immediate medical assistance.

38.     While at the healthcare facility, Ms. Grimes' doctor determined Ms. Grimes went into false labor and could return to work.

39.     Upon Ms. Grimes' return, Defendant's management required Ms. Grimes to turn in discharge documents, a request with which Ms. Grimes complied.

40.     In response to the filing of the discharge documents, Defendant's management unjustifiably re-allocated all of Ms. Grimes' shifts to other employees. Subsequently, members of Defendant's management wished Ms. Grimes well for the remainder of Ms. Grimes' pregnancy.

41.     At the time of Ms. Grimes' unlawful termination, Ms. Grimes was still able to perform her duties and, unequivocally, informed Defendant of her desire to continue working for Defendant.

42.     As an expectant mother, Ms. Grimes desperately needed a stream of income to support her growing family and her termination from COMFORCARE created a substantial hardship.

43.     Ms. Grimes suffered lost wages and benefits from COMFORCARE, for past and future earnings she would have been entitled to and received, but for her discriminatory and unlawful termination.

44.     In addition to the severe economic loss, Ms. Grimes has also suffered significant anxiety because of COMFORCARE's unlawful termination.

45.     COMFORCARE was required by law to engage in the process of identifying the precise limitations resulting from Ms. Grimes' pregnancy and potential reasonable accommodations which could overcome those limitations and would have allowed for Ms. Grimes' continued employment.

## COUNT I-
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count I, of Plaintiff's cause of action for discrimination states:

53. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

54. COMFORCARE subjected Ms. Grimes to harassment and discrimination because of Ms. Grimes' sex.

55. COMFORCARE sexually discriminated against Ms. Grimes by denying her ability to remain working during pregnancy and providing a reasonable accommodation to Ms. Grimes while she was pregnant.

56. Ms. Grimes' sex were motivating factors of the discrimination and harassment Ms. Grimes' experienced from Defendant.

WHEREFORE, Plaintiff prays for the Court to find that COMFORCARE have violated 42 U.S.C. 2000 *et seq.* ("Title VII") and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II-
### Prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")

COMES NOW, the Plaintiff, and for Count II of Plaintiff's Petition for prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112") against COMFORCARE alleges and states as follows:

57. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

58. Plaintiff was pregnant during her employment which temporarily limited her ability to perform some of her duties, therefore Plaintiff qualified as temporarily disabled.

59. Plaintiff's disability required her to make frequent visits to her healthcare provider, which sometimes conflicted with Plaintiff's work schedule.

60. Plaintiff sought reasonable accommodation to modify the strenuous aspects of her duties, but was denied by supervisor, Ms. Tuttura.

61. On the contrary, Plaintiff's non-disabled co-workers were treated more favorably than Plaintiff.

62. Despite Plaintiff's disability, she executed her role to the highest of her abilities and functioned at a high level of productivity at COMFORCARE.

63. As a result of Plaintiff's disability, Plaintiff was subjected to an adverse employment action by COMFORCARE.

WHEREFORE, Plaintiff prays for judgment against COMFORCARE on Count II of Plaintiff's Petition, for a finding that Plaintiff has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §12112, as amended, for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

### COUNT III- Prohibited Race Discrimination in Violation of 42 U.S.C. §1981 and in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)

COMES NOW, Plaintiff, and for Count III of Plaintiff's Petition, her cause of action for prohibited Race Discrimination (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as

amended ("§1981") 42 U.S.C. 2000e *et seq.*) against COMFORCARE alleges and states as follows:

64. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

65. Plaintiff is an African American/black female citizen of the United States.

66. During the course and scope of Plaintiff's employment COMFORCARE representatives, agents, and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on her race.

67. Despite having no legitimate disciplinary concerns or other performance deficiencies, Defendant denied and continues to deny Plaintiff of employment opportunities.

68. Plaintiff was hired into and maintained a position for which Plaintiff was qualified.

69. Defendant through its representatives, agents, and employees engaged in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

70. Plaintiff was not treated equally with regard to Defendant's application of its workplace policies.

71. Defendant's application of its workplace policies in regard to Plaintiff were intentional acts of discrimination based on Plaintiff's race in that similarly situated non-African Americans were treated more favorably than Plaintiff.

72. Defendant finalized/ratified the denial of Plaintiff employment opportunities.

73. Defendant's management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff based on her race.

74.     But for Plaintiff's African American race, Plaintiff would not have suffered discriminatory treatment from Defendant.

75.     The actions and conduct set forth herein were outrageous, showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from to punish COMFORCARE and to deter it and others from like conduct.

76.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against COMFORCARE on Count III of her Petition, for a finding that Plaintiff has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*); for an award of compensatory and punitive damages; equitable relief; for costs expended; reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT IV-
**Prohibited Retaliation (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")**

COMES NOW, the Plaintiff, and for Count IV of her cause of action for Retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. 1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112") states:

77.     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

78. Defendant retaliated against Plaintiff by failing to address her claims of discrimination and retaliation.

79. Plaintiff's protected activity in opposing discrimination was a motivating factor in Defendant's retaliation.

80. Ms. Grimes has suffered an adverse employment action as a consequence of her engaging in protected activity.

52. There is a direct causal connection between Ms. Grimes' protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that COMFORCARE have violated 42 U.S.C. §12112 Title VII and §1981 and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## JURY DEMAND

Plaintiff, Ms. Grimes requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 W. STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*11/15/20  11:42pm ST*

20CV04756
Div11

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST)

| To: | Sasha Grimes<br>9511 Charlotte Street<br>Kansas City, MO 64131 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2019-00098 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 798-1930 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue. Issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Lloyd J. Vasquez, Jr.,
District Director

August 17, 2020
(Date Mailed)

Enclosures(s)

cc:  Stephen Greenwald
In-House Counsel
COMFORCARE HEALTH CARE HOLDINGS, LLC
2520 S. Telegraph Road, Suite 201
Bloomfield Hills, MI 48302

Gerald Gray
G.Gray Law, LLC
104 W 9th Street, Sutie 401
Kansas City, MO 64105

*Clerk of the District Court, Johnson County Kansas*
*11/15/20  11:42pm ST*